J. B. CUMMINGS, ET AL. *v.* REBECCA J. HAMILTON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—365.]

**The Bond of a Married Woman.**

The bond of a married woman to convey is void and after her death her heirs and next of kin can not be compelled to make a deed in pursuance of the agreement to convey by such married woman.

APPEAL FROM MERCER CIRCUIT COURT.

November 15, 1884.

OPINION BY JUDGE PRYOR:

The judgment in this case must be reversed. The bond of the married woman was not only voidable but void, while a tender of

the conveyance from the feme covert and her husband to the vendee would have compelled an acceptance on the part of the latter for the reason that the husband was competent to contract and having obligated himself to make a title, if perfected when required to make it, his vendee must accept it. But this is not the question involved in the present case. The married woman died before she executed any conveyance and the land owned by her descended to her next of kin. They were not compelled to make any deed in pursuance of the agreement to convey by the married woman. It had no more effect after her death than that much blank paper and there was no process known to the law of enforcing it. The Chancellor did right in rescinding the contract and that judgment should be enforced. The amended petition showing that the appellee had sold portions of the land did not affect the judgment of rescission. If sold, he had the right to sell it, because it was his land, and besides all these facts if the amended petition is to be regarded as a petition for a new trial were known before the judgment of rescission was rendered, it is certain that when that judgment was rendered the land, or the most of it, belonged to appellant and it was only a question of partition between him and his sister, the appellee. The feme covert who sold the land or attempted to do so by executory contract has parted with nothing. The title to it, if sold by the appellant, is in the heirs of his deceased sister. We see nothing in this case either in the law or facts that would authorize a vacation of the judgment rescinding the contract.

The judgment is *reversed* and cause remanded with directions to enforce the original judgment. The appellee should be allowed to withdraw any deed she may have made or tendered to appellant.

*P. B. Thompson, Sr., for appellants.*

*Bell & Wilson, for appellees.*